USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREEM BROWN,

                Plaintiff,

      -v-                            **OPINION & ORDER**
                                       19-CV-11474 (ALC) (JLC)
MONTEFIORE MEDICAL CENTER,

                Defendant.
------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Kareem Brown brought this employment discrimination action against Montefiore Medical Center alleging racial discrimination, hostile work environment, and retaliation under federal law as well as New York State and City law. After Judge Carter granted in part and denied in part Montefiore's motion to dismiss, Brown has now moved to amend his complaint. For the reasons which follow, the motion is denied because the proposed amendments would be futile.[1]

---

[1] Since the decision on the motion to dismiss, Judge Carter has referred this case (and the pending motion to amend) to me. "While the proper classification as dispositive or non-dispositive of a motion for leave to file an amended complaint is not settled within the Second Circuit, the weight of authority within this Circuit classifies a motion to amend a pleading as non-dispositive." *Trombetta v. Novocin*, No. 18-CV-993 (RA), 2021 WL 6052198, at *6 (S.D.N.Y. Dec. 21, 2021), *reconsideration denied*, No. 18-CV-993 (RA), 2022 WL 280986 ( Jan. 31, 2022) (internal quotations and citations omitted); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (identifying "a motion to amend the complaint" as an example of a "nondispositive motion[ ]"); *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2020 WL 8512852, at *6 n.9 (S.D.N.Y. Nov. 17, 2020), *adopted by*, 2021 WL 1131507 (S.D.N.Y. Mar. 24, 2021) (collecting cases); *MPI Tech A/S v. Int'l Bus. Machines Corp.*, No. 15-CV-4891 (LGS) (DCF), 2017 WL 481444, at

1

## I. BACKGROUND

On December 16, 2019, Brown filed his Complaint alleging racial discrimination, hostile work environment, and retaliation in violation of 42 U.S.C. § 1981 as well as New York State Human Rights Law ("NYSHRL"), Executive Law § 296 *et seq.* and the Administrative Code of the City of New York ("NYCHRL"), § 8-101 *et seq.* Complaint ("Compl."), Dkt. No. 1, at ¶ 2. On February 12, 2020, Montefiore subsequently moved to dismiss the complaint, and on March 25, 2021, the court granted the motion in part and denied it in part. *Brown v. Montefiore Medical Center*, No. 19-CV-11474 (ALC) (JLC), 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021). Specifically, the court dismissed all of Brown's claims except for the hostile work environment claims under Section 1981, NYSHRL, and NYCHRL. *Id.* at *12. Familiarity with that decision is assumed here.

On March 30, 2021, Brown indicated in a letter to the court his intent to file an amended complaint. Dkt. No. 18. On March 31, 2021, the court stated that it would "consider an amendment only to the extent that Plaintiff seeks to amend his Section 1981 and related race-based state and city law claims. The Court shall not

---

*3 (S.D.N.Y. Feb. 6, 2017) (collecting cases). Thus, consistent with Judge Carter's referral order (Dkt. No. 31) (identifying plaintiff's motion as a "specific non-dispositive" motion), there is ample authority for me to decide this motion, rather than to issue a report and recommendation. *Kraiem v. JonesTrading Institutional Servs. LLC*, No. 19-CV-05160 (ALC) (SDA), 2021 WL 5294066, at *4 (S.D.N.Y. Nov. 12, 2021).

consider an amendment of Plaintiff's gender-based claims or Plaintiff's claims for negligent or intentional infliction of emotional distress." Dkt. No. 19. The court also set a briefing schedule for Brown's motion to amend in the event Montefiore did not consent to the amendment. *Id.* After Montefiore refused to consent, Dkt. No. 20, Brown filed his motion to amend his complaint on May 10, 2021. Notice of Motion, Dkt. No. 25; Plaintiff's Memorandum of Law in Support of Motion to Amend ("Pl. Mem."), Dkt. No. 26; Declaration of Stacey M. Gray dated May 10, 2021 ("Gray Decl."), Dkt. No. 27. On May 19, 2021, Montefiore filed its opposition papers. Defendant's Memorandum of Law in Opposition ("Def. Mem."). On June 4, 2021, Brown filed his reply papers. Reply Memorandum of Law in Further Support, ("Pl. Reply"), Dkt. No. 29; Declaration of Stacey M. Gray dated June 4, 2021 ("Gray Reply Decl."), Dkt. No. 30. On December 8, 2021, the case was referred to me for general pretrial supervision, and the motion was referred to me as well. Dkt. No. 31.

## II. DISCUSSION

A motion to amend is generally governed by Federal Rule of Civil Procedure 15, which provides that leave to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### A. Undue Delay or Prejudice

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Contrera v. Langer*, 314 F. Supp. 3d 562, 566–67 (S.D.N.Y. 2018) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). "Where a significant period of time has passed prior to filing a motion to amend, however, the moving party must provide an explanation for the delay." *Agerbrink*, 155 F. Supp. at 452.

Here, Montefiore contends that Brown has provided no explanation for his delay in amending the Complaint. Def. Mem. at 3. It claims that it put Brown on notice of the deficiencies with his pleading in its February 2020 letter to the Court seeking leave to file a motion to dismiss (Dkt. No. 6), and that Brown had ample opportunity since then to amend his complaint. *Id.* at 4. However, Montefiore does not argue that Brown's delay in seeking to amend is indicative of bad faith. Nor does Montefiore contend that it will suffer any prejudice as a result of the delayed amendment, such as expending "significant additional resources to conduct discovery and prepare for trial" or significantly delaying the resolution of the dispute. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). Notably, there is no case management plan in place, and there is nothing on the docket to suggest the parties have yet engaged in discovery. Therefore, denying Brown's motion to amend on the ground of undue delay or prejudice is unwarranted. *See Contrera*, 314 F. Supp. 3d at 566–67.

4

**B. Futility**

"It is well established that 'leave to amend need not be granted . . . where the proposed amendment would be futil[e].'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)). "To determine whether a proposed amendment is futile, courts analyze whether it would withstand a motion to dismiss." *Agerbrink*, 155 F. Supp. 3d at 456 (citing *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact.")). Therefore, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor." *Agerbrink*, 155 F. Supp. 3d at 456.

Here, Brown's proposed amended complaint seeks to amend his claims for racial discrimination, hostile work environment, and retaliation under federal law as well as NYSHRL and NYCHRL. *See* Proposed Amended Complaint ("PAC"), Gray Decl. Ex. A, Dkt. No. 27-1 at ¶¶ 338–265.[2] The Court will discuss each of these claims in turn.

---

[2] There are typographical errors in the paragraph numbering of the PAC, as the pleading goes from paragraph 356 to paragraph 262 on page 53 and the paragraphs remain misnumbered thereafter. *See* PAC at 53–54.

5

### 1. Racial Discrimination

To state a claim for racial discrimination under Section 1981, a plaintiff

> must allege facts supporting the following elements: (1) [p]laintiff is a member of a racial minority; (2) [d]efendant intends to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities (i.e. the right to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens).

*Brown*, 2021 WL 1163797, at *5; *see also* 42 U.S.C. § 1981.  "A plaintiff alleging racial . . . discrimination . . . must do more than recite conclusory assertions." *Id.* (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994).  "In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Id.*

In his proposed amended complaint, Brown alleges racial discrimination based on two adverse employment actions: (1) Montefiore stripping him of material duties as Chief Technologist; and (2) Montefiore constructively discharging him. PAC ¶¶ 338–40.[3]  Under Section 1981, "[a]n adverse employment action is a materially adverse change in the terms and conditions of employment." *Hamilton v. City of N.Y.*, No. 18-CV-4657 (NGG) (VMS), 2021 WL 4439974, at *5 (E.D.N.Y. Sept. 28, 2021) (quoting *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008)).  "To be

---

[3] In his decision on Montefiore's motion to dismiss, Judge Carter declined to address the argument regarding Brown's changed duties, as it was raised for the first time in Brown's opposition papers. *Brown*, 2021 WL 1163797, at *6.

materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* "Examples of such a change include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.*

### a. Changed Duties

A change in employment status or responsibilities can constitute adverse employment action. *Ramirez v. Temin & Co., Inc.*, No. 20-CV-6258 (ER), 2021 WL 4392303, at *9 (S.D.N.Y. Sept. 24, 2021). However, "changes in assignments or responsibilities that do not 'radical[ly] change' the nature of work are not typically adverse employment actions." *Id.* In his proposed amended complaint, Brown alleges that the following incidents constituted a change in his responsibilities, and are therefore adverse employment actions: (1) the January 19, 2018 incident when Montefiore "chastis[ed] Brown in front of Ms. Masone for adhering to HR's directive to issue her a 'cease and desist' notice"; and (2) the April 29, 2019 incident when Montefiore instructed [Brown] to stop engaging in protected activity and reporting Ms. Masone's insubordination and harassment . . . ." PAC ¶¶ 305, 308–09. However, Brown has not sufficiently alleged that the change in his ability to discipline one employee constituted a "radical change" in the nature of his work as Chief Technologist or a drastic reduction of his responsibilities. *See, e.g., Ramirez*, 2021 WL 4392303, at *9 (employee's removal from one short-term project was not

drastic reduction in responsibilities). Therefore, Brown has not plausibly alleged that the change in his responsibilities constituted an adverse employment action.

### b. Constructive Discharge

Under Section 1981, "an employee is constructively discharged when his employer, rather than discharging him directly, intentionally creates a work atmosphere so intolerable that he is forced to quit involuntarily." *Brown*, 2021 WL 1163797, at *5 (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 229 (2d Cir. 2004)). Courts generally break constructive discharge claims into two parts: "the employer's intentional conduct and the intolerable level of work conditions." *Id.* First, a plaintiff must show that the employer intended to create the "intolerable workplace conditions." *Id.* (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74 (2d Cir. 2000)). In order to demonstrate such intent, a plaintiff must allege "something beyond mere negligence or ineffectiveness." *Whidbee*, 223 F.3d at 74. "The second part of a constructive discharge claim requires the plaintiff to prove that an objectively reasonable person in the plaintiff's position would find [his] 'work conditions so intolerable as to compel resignation.'" *Brown*, 2021 WL 1163797, at *5 (quoting *McCalla v. City of N.Y.*, No. 15-CV-8002 (LAK) (AJP), 2017 WL 3601182, at *68 (S.D.N.Y. Aug. 14, 2017)). This is a demanding standard, because "[c]onstructive discharge cases 'present a worse case harassment scenario, harassment ratcheted up to the breaking point.'" *Id.* (quoting *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 301 (S.D.N.Y. 2011)).

Brown's constructive discharge allegations in the original complaint were dismissed because he did not "plausibly allege[] that Montefiore intentionally or deliberately created negative working conditions, because of [his] race, so as to compel him to resign." *Id.* Moreover, the court found that Brown's allegations "that Montefiore took no steps to remedy the situation with Masone and thus left him to work in an intolerable environment [were] defeated by allegations in the complaint," such as the fact that Masone received written warnings, counseling, was told to follow the chain of command, and eventually received a one-day suspension. *Id.* Therefore, based on the original complaint, the court could not "infer that Montefiore intended to create an intolerable work environment for [Brown]," and found that Brown had failed to state a claim for constructive discharge. *Id.*

Brown's proposed amended complaint does not cure these deficiencies. Although he has added several allegations to support his constructive discharge claim, these new allegations are either conclusory or provide no additional facts from which the Court can infer that Montefiore intentionally or deliberately created negative working conditions because of Brown's race. *See, e.g.,* PAC ¶¶ 29, 72, 74, 76, 101, 122, 123, 126, 134, 135, 146, 155, 166, 171, 184, 188, 189, 192, 210, 221, 225, 242, 244, 254, 273, 290, 300, 316, 327, 329. Moreover, as in the original complaint, Brown's proposed amended complaint alleges that Montefiore did in fact take steps to address Masone's behavior. *See, e.g.,* PAC ¶¶ 163, 164, 182, 200, 205, 207, 250, 259. Although Brown alleges that Montefiore's actions did little to

9

influence Masone's behavior, he fails to plausibly allege any facts suggesting that these steps were anything beyond "mere negligence or ineffectiveness." *Whidbee*, 223 F.3d at 74. Therefore, Brown's proposed amended complaint still fails to state a claim for constructive discharge.

Because Brown's proposed amended complaint does not plausibly allege any adverse employment actions that could support a claim for racial discrimination under Section 1981, amendment of this claim would be futile. *See, e.g., Brown*, 2021 WL 1163797, at *5-7 (dismissing racial discrimination claim when Brown failed to plausibly allege adverse employment actions sufficient to demonstrate racial discrimination).

Brown's proposed amendments to his racial discrimination claims under NYSHRL and NYCHRL are futile as well. "Racial discrimination under the NYSHRL is governed by the same standards that apply to Section 1981 claims." *Brown*, 2021 WL 1163797, at *7. Therefore, as with Brown's Section 1981 claim, the amendment to the related NYSHRL claim would be futile. Similarly, although the NYCHRL is "to be construed more broadly than its state and federal counterparts," because Brown's proposed amended complaint does not plausibly allege any adverse employment actions that are connected to racial discrimination, Brown's proposed amendment of this claim would be futile as well. *Id.*

### 2. Hostile Work Environment

Next, Brown seeks to amend his federal, state, and city law hostile work environment claims to allege constructive discharge stemming from a hostile work

environment. PAC ¶¶ 342, 348, 263. This type of claim is often characterized as a compound "hostile-environment constructive discharge claim," and therefore, a plaintiff must "sufficiently allege a hostile work environment in order to adequately allege a constructive discharge claim." *Atkinson v. Singh*, No. 19-CV-3779 (VSB), 2022 WL 137634, at *14 (S.D.N.Y. Jan. 14, 2022) (quoting *Bright-Asante v. Saks & Co., Inc.*, 242 F. Supp. 3d 229, 243 (S.D.N.Y. 2017)). Brown's hostile work environment claims in the original complaint survived Montefiore's motion to dismiss. *Brown*, 2021 WL 1163797, at *9. However, while "the creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge" claim, sufficiently alleging a hostile work environment claim alone is not enough. *Finkelshteyn v. Staten Island Univ. Hosp.*, 687 F. Supp. 2d 66, 85–86 (E.D.N.Y. 2009) (citing *Pa. State Police v. Suders*, 542 U.S. 129, 147, 149 (2004)). Instead, a compound hostile-environment constructive discharge claim is an "aggravated case of hostile work environment" and requires a plaintiff to show that an employer "deliberately ma[de] working conditions so intolerable that the employee [was] forced into involuntary resignation." *Thomas v. Bergdorf Goodman, Inc.*, No. 03-CV-3066 (SAS), 2004 WL 2979960, at *6 (S.D.N.Y. Dec. 22, 2004) (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 161 (2d Cir. 1998)).

In the prior decision, the court determined that Brown's original complaint had failed to adequately allege constructive discharge because he had not "plausibly alleged that Montefiore intentionally or deliberately created negative working conditions, because of [Brown's] race, so as to compel him to resign." *Brown*, 2021

11

WL 1163797, at *5 (analyzing constructive discharge claim in context of Section 1981 racial discrimination claim).  As discussed above, Brown has failed to cure these deficiencies in his proposed amended complaint.  Because a compound hostile-environment constructive discharge claim similarly requires a plaintiff to show that the employer deliberately or intentionally created intolerable working conditions, *see e.g., Thomas*, 2004 WL 2979960, at *6, Brown's proposed amended complaint cannot support such a claim.  Therefore, Brown's proposed amendment of his hostile work environment claims under Section 1981, NYSHRL, and the NYCHRL would be futile.  *See, e.g., Gonzalez v. New York City Health & Hosp. Corp.*, 18-CV-2645 (JPO), 2019 WL 2435622, at *9 (S.D.N.Y. June 11, 2019) (dismissing plaintiff's hostile environment constructive discharge claim under federal law, NYSHRL, and NYCHRL when plaintiff failed to allege that employer deliberately or intentionally created intolerable work environment).[4]

### 3. Retaliation

Finally, Brown seeks to amend his retaliation claims under Section 1981, NYSHRL, and NYCHRL.  PAC ¶¶ 344–46, 351–53, 264–65.  "To state a retaliation claim under Section 1981, a plaintiff must demonstrate (1) that he engaged in protected activity, (2) of which the employer was aware, and (3) that he suffered a

---

[4] The NYCHRL is generally "more protective" than the NYSHRL.  *Brown*, 2021 WL 1163797, at *9.  However, the Second Circuit recently recognized that in the context of constructive discharge claims specifically, "the proper standard . . . under the amended NYCHRL has not been fully articulated," and that recent New York court decisions "appeared to confirm that the [NYCHRL] standard . . . mirrors the federal standard."  *Tulino v. City of N.Y.*, 813 F. App'x 725, 727 n.2 (2d Cir. 2020).

12

materially adverse action, which (4) was causally connected to the protected activity. *Brown*, 2021 WL 1163797, at *10. Brown alleges that he suffered two adverse employment actions: (1) a change in his duties as Chief Technologist, and (2) his constructive discharge. PAC ¶¶ 302–04, 306–16. As the Court has determined above, Brown's proposed amended complaint does not plausibly allege that he suffered any material adverse actions. Therefore, Brown's proposed amendment of both his Section 1981 and NYSHRL retaliation claims would be futile. *See, e.g., Brown*, 2021 WL 1163797, at *10.

Brown's proposed amended NYCHRL claim for retaliation would also be futile. "To prevail on a retaliation claim under the NYCHRL, the plaintiff must show that [he] took an action opposing [his] employer's discrimination, . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Brown*, 2021 WL 1163797, at *11 (quoting *Mihalik v. Credit Agricole Cheuvreax N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013)). "'Opposing any practice' can include situations where a person, before the retaliatory conduct occurred, merely made clear [his] disapproval of the defendant's discrimination by communicating to him, in substance, that [he] thought his treatment of the victim was wrong." *Id.* (quoting *Mihalik*, 715 F.3d at 112). Moreover, "a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by . . . retaliatory motives." *Id.* (quoting *Mihalik*, 715 F.3d at 113).

Here, although Brown alleges that Montefiore retaliated against him by limiting his ability to discipline Masone and subsequently constructively discharging him, he has not connected that purported retaliation to Montefiore's retaliatory motives. Indeed, Brown only alleges Montefiore's retaliatory motives in conclusory terms, and alleges no facts from which the Court can infer any retaliatory motives. *See, e.g.,* PAC ¶¶ 29, 304, 305, 315–16, 330. For this reason, Brown's proposed amendment of his retaliation claim under the NYCHRL would be futile. *See Brown*, 2021 WL 1163797, at *11 (dismissing NYCHRL claim because Brown only alleged retaliation in conclusory terms and failed to connect retaliation to Montefiore's retaliatory motives).

### III. CONCLUSION

For the foregoing reasons, Brown's motion to amend his complaint is denied. Once Montefiore has filed its answer, the Court will schedule a case management conference to set a discovery schedule. The Clerk is directed to close Docket No. 25 and mark it as "denied."

**SO ORDERED.**

Dated: February 9, 2022
   New York, New York

_____
JAMES L. COTT
United States Magistrate Judge